UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ROBINSON, | 1:17-cv-00577-GSA-PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS ERRONEOUSLY SUBMITTED TO THIS COURT |
| vs. | |
| KITT, | TWENTY (20) DAY DEADLINE TO FILE RESPONSE |
| Defendant. | |

    Samuel Robinson ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 24, 2017. (ECF No. 1.) Plaintiff names one defendant, Dr. Kitt, for inadequate medical care arising from surgery performed by Dr. Kitt on Plaintiff for nasal polyps. The Complaint awaits the court's requisite screening under 28 U.S.C. § 1927A.

    On June 28, 2017, Plaintiff notified the court that he cannot proceed with this case because he has an appeal pending at the Ninth Circuit "on the same defendant same issues," appeal #16-16892 (ECF No. 5.) Plaintiff also states that "this complaint was mistakingly [*sic*] sent to your [Eastern District] court." (Id.)

    It appears to the court that Plaintiff did not intend to file this case. Plaintiff's other case at this court, 1:14-cv-01525-DAD-JLT, Robinson v. Kitt, concerns the same medical claim

against Dr. Kitt found in the present case. Case 1:14-cv-01525-DAD-JLT was dismissed on September 14, 2016, and on October 17, 2016, Plaintiff filed a notice of appeal to the Ninth Circuit, appeal #16-16892. (1:14-cv-01525-DAD-JLT, ECF Nos. 51, 53, 55.) This appeal is now pending.

Evidence in this case supports Plaintiff's assertion that he sent the Complaint to this court in error. In the Complaint, Plaintiff seeks as relief "Remand for/with further proceedings or any just relief the Court finds." (ECF No. 1 at 5.) Attached to the Complaint are two documents apparently meant for consideration in Plaintiff's appeal: (1) "Appellant's Reply to Appellee's Answering Brief," and 2) "Reply to State Defendants/Appellee's Answering Brief." (ECF No. 1 at 7-8, 9-13.) Both documents address appeal issues for the Ninth Circuit Court of Appeals in appeal #16-16892. A review of appeal #16-16892, <u>Robinson v. Kitt, et al.</u>, on the Ninth Circuit's docket shows that on May 5, 2017, Plaintiff filed a "motion requesting relief because brief sent to wrong court." (Appeal #16-16892, ECF No. 29.) In the motion, Plaintiff states that he "sent his reply to the wrong court inadvertently [and] also attached a proposed amended complaint that was inserted as part of his reply, the U.S. Eastern District Court filed that complaint mistakenly, the issue stated in that complaint is for this court and part of my reply." (<u>Id.</u> at 1.) Thus, it appears that Plaintiff meant to submit the Complaint filed in this case to the Ninth Circuit to be filed in appeal #16-16892.

Plaintiff shall be required to show cause within **twenty (20) days** why this case should not be dismissed based on the evidence discussed above. If Plaintiff disagrees that this case should be dismissed, Plaintiff must file a response in writing showing cause why the case should not be dismissed.[1] If Plaintiff agrees that this case should be dismissed, he should file a written response indicating that he wishes to voluntarily dismiss the case. Plaintiff may also submit a "Notice of Voluntary Dismissal Under Rule 41," in which he requests dismissal of this case.[2]

---

[1] Plaintiff is advised that if he proceeds with this case, he will owe the filing fee.

[2] Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th

# ORDER TO SHOW CAUSE

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Within **twenty (20) days** of the date of service of this order, Plaintiff is required to **either**:

    1) file a written response to this order showing cause why the present case, 1:17-cv-00577-GSA-PC, <u>Robinson v. Kitt</u>, should not be dismissed;

    (2) file a written response indicating that he wishes to voluntarily dismiss the present case;

    **or**

    (3) file a "Notice of Voluntary Dismissal Under Rule 41" as discussed above;

2. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: __July 5, 2017__          _____/s/ Gary S. Austin_____
                                     UNITED STATES MAGISTRATE JUDGE

---

Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>