UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KITT,<br><br>　　　　Defendant. | No. 1:17-cv-00577-DAD-GSA (PC)<br><br>ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL, DIRECTING CLERK TO CLOSE FILE<br><br>(Doc. No. 7) |

　　　　Plaintiff Samuel Robinson a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 24, 2017. (Doc. No. 1.) In his complaint, plaintiff names one defendant, Dr. Kitt, and alleges that he received inadequate medical care arising from surgery performed by Dr. Kitt on plaintiff for nasal polyps.

　　　　On July 5, 2017, the court issued an order requiring plaintiff to either (i) show cause why this case should not be dismissed as erroneously submitted to this court, or (ii) file a "Notice of Voluntary Dismissal Under Rule 41," within twenty-one days. (Doc. No. 6.) In the order, the court advised plaintiff of his right to voluntarily dismiss this action under Rule 41(a)(1). (*Id.* at 2, n.2.) On July 20, 2017, plaintiff filed a notice with the court stating that he wishes to voluntarily

1

1 | dismiss this case "according to court order." (Doc. No. 7.) The court construes plaintiff's notice as a notice of voluntary dismissal under Rule 41(a)(1). The Ninth Circuit has explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Hamilton v. Shearson-Lehman American Express*, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. *Id.* The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. *Id.*; *Pedrina v. Chun*, 987 F.2d 608, 609–10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. *Concha*, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. *Id.* (citing *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. *Id.*

*Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (emphasis and footnote omitted). No defendant has filed an answer or motion for summary judgment in this action. Therefore, plaintiff's notice of dismissal is effective as of the date it was filed, and this case will be closed pursuant to the filing of the notice of dismissal.

Accordingly:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;
2. This action is dismissed in its entirety without prejudice; and
3. The Clerk of the Court is directed to close this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **August 4, 2017**  
                                                     UNITED STATES DISTRICT JUDGE